UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Board of Trustees of the Employee Painters Trust, et al.,<br><br>　　　　　　　　Plaintiff(s),<br><br>vs.<br><br>Quality Services, Inc., et al.,<br><br>　　　　　　　　Defendant(s). | 2:24-cv-00280-APG-MDC<br><br>ORDER:<br>GRANTING MOTIONS (ECF Nos. 22, 25) |

Pending before the Court are plaintiffs' *Motion to Amend* (ECF No. 22) and defendant's *Motion to Withdraw as Attorney* (ECF No. 25). For the reasons stated below, the Court GRANTS the pending motions.

**DISCUSSION**

**I. BACKGROUND**

This is an action to collect unpaid employee fringe benefit contributions and damages due under the terms of the Northern Nevada Floor Covering Master Agreement ("CBA") between the International Union of Painters and Allied Trades District Council 16 and the Independent Flooring Contractors of Northern Nevada. Plaintiffs are the intended third-party beneficiaries of the CBA which requires monthly fringe benefit contributions to the plaintiffs for each hour of covered labor performed by defendant Quality Services' employees. *See ECF No. 22*.

Currently pending is plaintiffs' *Motion to Amend* (ECF No. 22). Plaintiffs seek to amend the Complaint (ECF No. 1) to remove surety defendants Arch Insurance Company and Harford Fire Insurance Company and add Western Surety Company as a defendant. *See ECF No. 22*. Also pending is defendants' *Motion to Withdraw as Attorney* (ECF No. 25).

Defendant Quality Services filed a *Notice of Bankruptcy* (ECF No. 19), and the case is stayed as to that defendant. The individual defendants, Barry Allen Grider, Patrick W. Grider, and Kathryn Louise

Grider are owners and/or officers of Quality Services. These individual defendants have not filed for bankruptcy.

## II. EXTENT OF BANKRUPTCY STAY

### A. Legal Standard

"As a general rule, the automatic [bankruptcy] stay protects *only* the debtor, property of the debtor or property of the estate." *Bocher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (citations omitted). The stay "does not protect non-debtor parties or their property. Thus section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Prods.)*, 23 F.3d 241, 246 (9th Cir. 1994). Similarly, the automatic stay does not protect the property of parties such as officers of the debtor, even if the property in question is stock in the debtor corporation. *See In re Advanced Ribbons & Office Products, Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991). In sum, the Ninth Circuit has observed that "managers are independently liable under the FLSA, and the automatic stay [as to claims against the bankrupt company] has no effect on that liability." *Boucher* 572 F.3d at 1093.

### B. Analysis

Plaintiff seeks to amend the Complaint remove defendants Arch Insurance Company and Harford Fire Insurance Company from the Complaint pursuant to the *Notices of Voluntary Dismissal* (ECF Nos. 20, 21). Plaintiff also seeks to add Western Surety Company ("WSC") as a defendant. *ECF No. 22*. Because the automatic stay under 11 U.S.C. § 362 does not stay actions against sureties, defendant Quality Service's bankruptcy stay will not affect claims against WSC. *See In re Chugach Forest Prods.*, 23 F.3d at 246 (9th 1994). Therefore, the Court finds it can proceed with its *Motion to Amend* analysis without effecting the bankruptcy stay.

//

//

## III. MOTION TO AMEND

### C. Legal Standard

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### D. Analysis

Defendants do not oppose the *Motion to Amend* (ECF No. 22) and thus, consent to the Court granting the motion by operation of LR 7-2(d). Moreover, the Court independently finds good cause exists to grant the motion.

      **a.  Bad Faith, Undue Delay, and Prejudice**

Good cause exists to grant plaintiffs leave to amend. There is no apparent bad faith or undue delay in the motion for leave to amend. The amendments do not appear to prejudice the defendants.

      **b.  Futility**

Defendants did not oppose plaintiffs' proposed amendment and do not otherwise claim that plaintiffs' proposed amendment is futile.  Moreover, courts defer addressing the sufficiency of plaintiff's proposed claims at this time, under the motion to amend rubric, because defendants may seek dismissal after the amendment is filed. *See Nev. Power Co. v. Trench Fr.*, 2020 U.S. Dist. LEXIS 53860, at *4 (D. Nev. March 24, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, at *2 (D. Nev. Oct. 16, 2015).

      **c.  Prior Amendments**

There have been no prior amendments. Thus, this factor weighs in favor of amendment. *Cf., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (looking to a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed").

**IV. MOTION TO WITHDRAW**

Defendants' counsel – Anthony L. Hall of Simons Hall Johnston PC– has filed a *Motion to Withdraw* (ECF No. 25) from representing defendants Quality Services, Inc. d/b/a Quality Carpets, Barry Allen Grider, Patrick W. Grider and Kathryn Louise Grider. Under Local Rule ("LR") IA 11-6(b) "[if] an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." LR IA 11-6(b).

Counsel served his motion as required.  The grounds for withdrawal include "lack of communication from the Quality Defendants as well as other issues which the undersigned cannot publicly disclose due to their confidential and/or privileged nature..." *ECF No. 25 at 2-3*. Counsel certifies that he has notified the defendants (i.e, Quality Services and Grider defendants) of his intent to withdraw. Counsel states that no significant delay or materially adverse effect will result due to the automatic stay imposed against the primary defendant in this case, Quality Carpets. *ECF No. 25 at 3*

Withdrawal of counsel poses a problem in this case. While the Grider defendants may appear *pro se* in their individual capacities, defendant Quality Services must appear through counsel. Non-attorney parties may not appear and advocate on behalf of other co-parties in courts of the United States. *C.E. Pope Equity Tr. v. United States,* 818 F.2d 696, 697-98 (9th Cir. 1987). Thus, the Grider defendants cannot seek to represent themselves **and** Quality Services. In federal courts, corporate entities may only appear through licensed counsel. *United States v. High Country Broad. Co*, 3 F.3d 1244, 1245 (9th Cir. 1993). Therefore, once the bankruptcy stay is lifted, Quality Services must obtain new counsel within a reasonable period of time thereafter.

## V.  CONCLUSION

The bankruptcy stay does not affect the Court's analysis of the pending *Motion to Amend* (ECF No. 22). Defendants do not oppose the motion, and the Court independently finds that good cause warrants granting the *Motion to Amend*. The Court also finds that good cause warrants granting the *Motion to Withdraw as Attorney* (ECF No. 25). However, the Court cautions the individual defendants that they cannot represent Quality Services and that, once the bankruptcy stay is lifted and this litigation resumes against Quality Services, the company must retain counsel.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Amend* (ECF No. 22) is GRANTED.

2. Plaintiffs shall file the Amended Complaint by **July 3, 2025.**

3. The *Motion to Withdraw* (ECF No. 25) is GRANTED.

4. Grider defendants may appear pro se in their individual capacity, if they so choose. However, Quality Services shall file either a *Notice of Appearance of Counsel* or a *Substitution of Counsel* within **30 days** of this Order.

5. Failure to timely comply with this Order may result in a recommendation for terminating sanctions against the defendant(s), or any other sanction the Court deems necessary.

6. Parties shall file a *Stipulated Discovery Plan and Scheduling Order* per LR 26-1 within 45 days of when Western Surety Company first appears in this action or responds to the plaintiff's First Amended Complaint.

DATED this 26th day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.