UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Board of Trustees of the Employee Painters Trust, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br><br>Quality Services, Inc., *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00280-APG-MDC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS (ECF No. 34)** |

Plaintiffs filed a *Motion for Leave to Serve Third-Party Subpoenas* ("Motion"). *ECF No. 34*. The Court GRANTS the Motion for the reasons set forth below.

I.  **BACKGROUND**

This is an action by plaintiffs to "collect unpaid employee fringe benefit contributions and damages" due from Defendant Quality Carpets ("Quality Carpets"). *ECF No. 34* at 1-2. Plaintiffs are collecting the money due via relevant third parties, as Quality Carpets filed a Notice of Bankruptcy (ECF No. 19), making this case against them automatically stayed pursuant to 11 U.S.C. § 362. *Id.* at 4-5; *see also ECF No. 29*.[1] Plaintiffs are calculating the amount of money due by performing payroll audits of Quality Carpets that cover the dates of January 2018 through January 2025. *See ECF No. 34* at 4-7. However, records produced Quality Carpets do not have information relevant for plaintiff's "project-specific" payroll claims. *See id.* at 4-5. Plaintiffs also claim that Quality Carpets have not been responsive with attempts to communicate or requests to have a "Meet and Confer." *Id.* at 5. A Rule 26(f) conference has not taken place as of the date of this Order.

---

[1] In doing so, plaintiff state, "in May and July of this year, the Trust Funds recorded three (3) Liens on known Quality Carpet projects seeking to recover appropriate portions of the Delinquency, one (1) of which was released because the statute of limitations had run." *ECF No. 34* at 5.

Plaintiffs eventually filed an *EX PARTE MOTION for Leave to Serve Third-Party Subpoenas* ("Ex Parte Motion") to get information relevant for their project-specific payroll claims. *See generally* ECF No. 32. The Court denied the Ex Parte Motion without prejudice because plaintiffs failed to provide authority for filing ex parte. *ECF No.* 33. Plaintiff then filed this Motion in the ordinary course. *ECF No. 34*. None of the defendants responded to this Motion.

**II.   DISCUSSION**

   **a.   Legal Standard**

District courts have broad authority to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under Federal Rule of Civil Procedure ("Federal Rule") 26, courts may seek expedited discovery before the Rule 26(f) conference upon court order. *See* Fed. R. Civ. Pro. 26(d)(1). Good cause must be shown for the Court to grant such expedited discovery, and the movant must show a "prima facie… need for the expedited discovery" which "outweighs the prejudice to the responding party." *Assuredpartners of Nev., LLC v. L/P Ins. Servs., LLC*, No. 3:21-cv-00433-RCJ-CLB, 2021 WL 4928458, at *2 (D. Nev. October 21, 2021) (citations omitted).

   **b.   Good Cause Exists**

In sum, plaintiffs have shown that good cause exists for serve the third-party subpoenas. Plaintiffs identify several third-parties to serve with subpoenas: (1) GSR Resort (one of the third parties that plaintiffs put a lien on) for project-specific documents relevant to their claims, (2) Gold Resort (another third party subject to a plaintiff lien) for "quantifiable calculations for the Gold Resort Lien"[2], and (3) Frank Lepori Construction ("Lepori") (a general contractor of Quality Carpets)[3] for project-specific documents relevant to their claims. *See ECF No. 34* at 5-6. The Court finds that plaintiff

---

[2] This information is relevant to plaintiffs' claims because this request would help plaintiff know the payroll information regarding the work that Quality Carpets did at the Gold Resort. *See ECF No. 34* at 6.
[3] Plaintiffs have also asserted claims against Lepori under NRS 608.150 and claim that Lepori have not given any documents despite prior requests by plaintiffs to do so. *ECF No. 34* at 6.

2

1  provided sufficient evidence that these third parties have responsive evidence to plaintiffs' requests in
2  the subpoenas. *See* ECF No. 34 at 5; *see also* Declaration of Laura J. Wolff, Esq.; *ECF No. 34*, *Ex. 2*
3  (proposed subpoena to GSR Resort); *ECF No. 34*, *Ex. 4* (proposed subpoena to Gold Resorts); *ECF No.*
4  *34*, *Ex. 5* (proposed subpoena to Lepori). The Court also finds that plaintiffs have shown a need for the
5  expedited discovery. The information sought is needed for plaintiffs make accurate calculations of their
6  claims, and the liens they recorded on third parties to collect the money due will soon expire within a
7  few months. *See* NRS 108.233(1). Therefore, plaintiffs have a need to serve the subpoenas to obtain
8  accurate information about their claim amounts in a timely fashion. The Court also finds that the need
9  for discovery is not outweighed by the prejudice to the parties affected, as the requests are limited to
10 information relevant for competing the plaintiffs' money claims. *See* ECF No. 34; *see also* ECF No. 34,
11 *Ex. 2*; *ECF No. 34*, *Ex. 4*; *ECF No. 34*, *Ex. 5*. The Court also agrees with plaintiffs that the parties
12 affected would have the opportunity to respond to the subpoena and present their defenses. *See ECF No.*
13 *34* at 9. Therefore, good cause exists for the Court to order expedited discovery for plaintiffs to serve the
14 third-party subpoenas.[4]

   c.   **Defendants Did Not Oppose the Motion**

16 Defendants did not respond or oppose plaintiffs' Motion. Per Local Rule 7-2(d), the Court deems
17 this failure to respond to -plaintiff's Motion as consent to the Court granting the Motion. *Id.*[5]
18 //
19 //

---

[4] The Court also notes that these third parties are not protected from the subpoenas by the automatic stay. *See Bocher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (As a general rule, the automatic [bankruptcy] stay protects only the debtor, property of the debtor or property of the estate); *In re Chugach Forest Prods.*, 23 F.3d 241, 246 (9th Cir. 1994) (automatic stays "does not stay [or protect against] actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor.").

[5] Local Rule 7-2(d) states in relevant part: "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

## III. CONCLUSION

Plaintiffs has shown good cause for the Court to allow them leave to file the third-party subpoenas. By operation of LR 7-2(d), any opposing parties to the Motion also consented to plaintiffs' Motion and allowing for expedited discovery. The Court therefore **GRANTS** the Motion. The Court also notes that plaintiffs have not yet served Western Surety Company ("Western") because plaintiffs are engaged in settlement conversations with them. *ECF No. 34* at 4. The Court ordered the Parties to file a *Stipulated Discovery Plan and Scheduling Order* "within 45 days of when Western… first appears in this action or responds to the plaintiff's First Amended Complaint." *ECF No. 29* at 6. As Western has not yet been served, the Court *sua sponte* orders that the parties shall file a *Stipulated Discovery Plan and Scheduling Order* per LR 26-1 within **60 days of the date of this Order**.

ACCORDINGLY,

IT IS ORDERED that:

1. Plaintiffs' *Motion for Leave to Serve Third-Party Subpoenas* (ECF No. 34) is **GRANTED**. Plaintiff have leave of the Court to issue the third-party subpoenas as outlined in their Motion.

2. Parties shall file a Stipulated Discovery Plan and Scheduling Order per LR 26-1 within **60 days** of the date of this Order.

DATED: September 17, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.