**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Board of Trustees of the Employee Painters Trust, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Quality Services, Inc., *et al*.,<br><br>Defendants. | Case No. 2:24-cv-00280-APG-MDC<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE PARTY (ECF NO. 45) and MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 47)** |

The Court has reviewed plaintiffs' *Motion to Substitute Party* ("Substitute Motion") (ECF No. 45) and *Motion For Leave to File Second Amended Complaint* ("Leave Motion") (ECF No. 47) (collectively the "Motions"). Plaintiffs filed the Motions following the Court's 12/01/2025 Order (ECF No. 43) denying their *Motion to Amend* ("prior Amend Motion") (ECF No. 41). The Court now **GRANTS** the Motions for the reasons below.

I.      **BACKGROUND**

This is an action by plaintiffs to "collect unpaid employee fringe benefit contributions and damages" due from defendant Quality Carpets ("Quality Carpets"). *ECF No. 34 at 1-2.*

Plaintiffs filed their prior Amend Motion "to remove Defendant Western Surety Company… as a Defendant, add nine (9) new Defendants, add relevant facts, add three (3) new causes of action, and add any other necessary changes to the [First Amended Complaint]." *ECF No. 41 at 2-3*. The Court denied without prejudice the prior Amend Motion because the proposed Second Amended Complaint listed Kathryn Louise Grider ("K. Grider") as a defendant when K. Grider "passed away on or around August 23, 2025." *See ECF No. 43*; *see also ECF No. 41*, *Ex. A at 1*; *ECF No. 40*. The Court also stated that plaintiffs should first file a motion to substitute K. Grider with a proper party and then refile a motion to amend if they wanted to amend their complaint. *ECF No. 43*. Plaintiffs then filed the Substitute Motion

1

and later filed the Amend Motion. *ECF Nos. 45*, *47*. Defendants did not file any opposition to the Motions.

## II.      SUBSTITUTE MOTION

### A.      Legal Standard

Federal Rule of Civil Procedure ("Federal Rule") 25(a) governs the substitution of parties in a case when a party dies. Federal Rule 25(a)(1) provides that a court "may order substitution of the proper party" if "a party dies and the claim is not extinguished[.]" *Id.* "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* However, [i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

### B.      Analysis

Plaintiffs are seeking to substitute Barry Allen Grider ("B. Grider") in place of K. Grider, whom plaintiffs state is the personal representative of K. Grider's estate. *ECF No. 45*.[1] Plaintiffs brought the Substitute Motion within 90 days of when they filed and served the Suggestion of Death for K. Grider. *ECF No. 45* at 9; *see also ECF No. 40*. Plaintiffs have also undertaken efforts to "confirm K. Grider's passing, to locate a probate case initiated on behalf of K. Grider's estate, and to locate a personal representative of K. Grider's estate or a successor to substitute in as a defendant for K. Grider." *ECF No. 45* at 6. In sworn declarations, plaintiffs' attorneys Laura J. Wolff, Esq. and Kevin B. Archibald, Esq. outlined their efforts to confirm K. Grider's passing and locate a suitable party to substitute in for K. Grider. *ECF No. 45* at 8-11. Plaintiffs' attorneys have produced K. Grider's death certificate (ECF No. 45, Ex. 1) and information that supports B. Grider being the executor and/or administrator of K. Grider's

---

[1] The introduction of the Substitute Motion states plaintiffs seek to substitute in Patrick W. Grider as K. Grider's personal representative while the conclusion states that they seek to substitute in B. Grider as K. Grider's personal representative. *ECF No. 45*. Plaintiffs filed an Errata to the Substitute Motion clarifying that they seek to substitute current defendant Kathryn Louise Grider with "Barry Allen Grider be substituted as the personal representative of… Kathryn Louise Grider." *ECF No. 49*.

estate. *See id.* Mr. Archibald also represents that despite his efforts to find a probate case regarding K. Grider's estate, there is no indication that such a probate case exists or is pending. *Id.* at 10-11.

Given the efforts of plaintiffs to confirm K. Grider's death and find a successor or representative to her estate, the Court finds that B. Grider is a proper party to substitute in place of K. Grider. Furthermore, plaintiffs served the Substitute Motion to defendants and no opposition has been filed. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion… constitutes a consent to the granting of the motion."). Therefore, the Court grants the Substitute Motion. B. Grider may be substituted in for K. Grider as personal representative of K. Grider's estate. Service to B. Grider may also be effectuated pursuant to Federal Rule 5 because he is already a party defendant in his individual capacity in this case.

## III.   LEAVE MOTION

### A.   Legal Standard

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

B.    Analysis

Plaintiffs seek leave to file a Second Amended Complaint "to remove Defendant Western Surety Company… as a Defendant, to reflect that B[.] Grider replaced K[.] Grider in his representative capacity as Personal Representative of K[.] Grider's Estate, add ten (10) new Defendants, add relevant facts, add three (3) new causes of action, and add any other necessary changes to the FAC." *ECF No. 47* at 3. Defendants do not oppose the Motion, which constitutes consent to granting the Motion. *See* LR 7-2(d).

The Court also finds good cause exists to grant the Motion in this case. There is no apparent bad faith or undue delay in the Motion. The amendments do not appear to prejudice defendants. The amendments do not seem to be futile and any potential objections to the amendments are better heard in a motion to dismiss or motion for summary judgment. *See Steward v. CMRE Fin'l Servs., Inc.*, No. 2:15–cv–00408–JAD–NJK, 2015 WL 6123202, at *2 (D. Nev. October 16, 2015). This would be the second time that the Court would be granting plaintiffs' request to amend their complaint and there is no evidence that they have "repeatedly failed to cure deficiencies by prior amendments[.]" *See Best Odds Corp. v. Jackness*, No. 2:10-cv-507-JCM-LRL, 2010 WL 11579675, at *2 (D. Nev. December 29, 2010) (citing *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989)) (stating that absent "any showing of 'undue delay, bad faith, dilatory motive, prejudice to the defendants ...

4

or repeated failure to cure deficiencies in the complaint by prior amendment,' this [C]ourt is inclined to grant the motion to add the new claims for relief."). Therefore, good cause exists to grant his Motion.

**IV.     CONCLUSION**

The Court grants the Motions for the foregoing reasons.

ACCORDINGLY,

**IT IS ORDERED** that:

1.     Plaintiffs' *Motion to Substitute Party* (ECF No. 45) is **GRANTED**. Barry Allen Grider may be substituted in for Kathryn Louise Grider as personal representative of Kathryn Louise Grider's estate.

2.     Service to Barry Allen Grider may also be effectuated pursuant to Federal Rule 5 because he is already a party defendant in his individual capacity in this case.

3.     Plaintiffs' *Motion For Leave to File Second Amended Complaint* (ECF No. 47) is **GRANTED**.

4.     Plaintiffs shall file the proposed Second Amended Complaint by no later than **March 3, 2026**.

DATED: February 24, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

5