**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith (11871)
Kevin B. Archibald (13817)
Laura J. Wolff (6869)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Email: wes@cjmlv.com, kba@cjmlv.com, ljw@cjmlv.com
*Attorneys for Plaintiff Board of Trustees of the*
*Southern Nevada and California Glaziers, Fabricators,*
*Painters and Floorcoverers Pension Trust Fund*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

BOARD OF TRUSTEES OF THE
EMPLOYEE PAINTERS' TRUST; BOARD
OF TRUSTEES OF THE DISTRICT
COUNCIL 16 NORTHERN CALIFORNIA
JOURNEYMAN AND APPRENTICE
TRAINING TRUST FUND; BOARD OF
TRUSTEES OF THE INTERNATIONAL
PAINTERS AND ALLIED TRADES
INDUSTRY PENSION FUND; BOARD OF
TRUSTEES OF THE PAINTERS AND
ALLIED TRADES LABOR
MANAGEMENT COOPERATION
INITIATIVE; BOARD OF TRUSTEES OF
THE FINISHING TRADES INSTITUTE;
POLITICAL ACTION TOGETHER-
POLITICAL COMMITTEE FUND; STAR
PROGRAM, INC.; HOLIDAY AND
VACATION FUND,

     Plaintiffs,

vs.

QUALITY CARPETS SERVICES, INC. d/b/a
QUALITY CARPETS, a Nevada corporation;
BARRY ALLEN GRIDER, an individual, and
as Personal Representative of the ESTATE OF
KATHRYN GRIDER; PATRICK W.
GRIDER, an individual; FRANK LEPORI
CONSTRUCTION, LLC, a Nevada limited
liability company; FRANK LEPORI, an
individual; FRANCES LEPORI, an individual;
GAGE VILLAGE COMMERCIAL DEV.
LLC, a Nevada limited liability company; AM-

CASE NO.: 2:24-cv-00280-APG-MDC

**STIPULATION TO MODIFY THE
SCHEDULING ORDER PURSUANT
TO FRCP 16(B)(4)**

[FIRST REQUEST]

**SPECIAL SCHEDULING REVIEW
REQUESTED**

-1-

4897-8611-8827.1

GSR HOLDINGS, LLC, a Nevada limited liability company; MEI-GSR HOLDINGS LLC dba GRAND SIERRA RESORT AND CASINO, a Nevada limited liability company; MERUELO ENTERPRISES INC., a California corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; JACOBS PINON PLAZA ENTERTAINMENT, INC. aka JACOBS PINION PLAZA ENTERTAINMENT, INC., a Nevada corporation; GOLD DUST CARSON CITY, LLC, a Delaware limited liability company DOES I-X; ROES I-X,

Defendants.

## STIPULATION TO MODIFY THE SCHEDULING ORDER

The Plaintiffs, the Board of Trustees of the Employee Painters' Trusts, *et al.* ("Plaintiffs"), by and through their counsel Christensen James & Martin, Chtd., Defendants Frank Lepori Construction, LLC, Frank Lepori and Frances Lepori (collectively "Lepori"), by and through their counsel McDonald Carano LLP, and Gold Dust Carson City, LLC and Jacobs Pinon Plaza Entertainment, Inc. aka Jacobs Pinion Plaza Entertainment, Inc. (collectively "Gold Dust"), by and through their counsel Womble Bond Dickinson (US) LLP, pursuant to FRCP 16(b)(4) and Local Rule 26-4, hereby stipulate and agree as follows.

## I.    INTRODUCTION

Plaintiffs and responsive Defendants, Lepori and Gold Dust, respectfully submit this Stipulation to Amend Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-3. The parties seek to extend the discovery cutoff date and related deadlines established in the Scheduling Order entered December 1, 2025 (ECF No. 44). The amendment is necessary because Plaintiffs filed a Second Amended Complaint on March 2, 2026, adding new defendants to this litigation. Gold Dust filed its Answer on April 24, 2026 (ECF No. 69), Lepori filed its Answer on April 30, 2026 (ECF No. 69) and Jacobs Pinon Plaza Entertainment, Inc. aka Jacobs Pinion Plaza Entertainment, Inc. filed its Answer on May 8, 2026 (ECF No. 71).

-2-

4897-8611-8827.1

Because these newly-added defendants began filing answers on April 24, 2026, the compressed timeline between these Defendants' answers and the existing May 13, 2026 discovery cutoff creates circumstances constituting good cause for modification. Lepori and Gold Dust have less than 20 days from their Answers to the current discovery cutoff, which is insufficient time to conduct discovery, respond to discovery requests, prepare expert disclosures, and prepare for trial. The parties have conferred regarding the proposed amendments and jointly submit this stipulation for the Court's approval with regard to extending the discovery deadlines.

However, the parties do not agree on the amount of time required for discovery. Plaintiffs believe that 210 days of discovery will provide Lepori and Gold Dust adequate time to participate meaningfully in discovery while maintaining a reasonable timeline for case resolution. However, Lepori and Gold Dust believe that discovery should be phased with a limited, narrow scope of discovery lasting three (3) months related to Plaintiffs' entitlement pending the Court's ruling on Lepori's and Gold Dust's forthcoming dispositive motions, at which time the parties and Court can set a second phase of discovery related to the amount of Plaintiffs' damages, if necessary. Alternatively, if discovery is not phased, Lepori and Gold Dust propose ten months of discovery should be provided in order to fully conduct discovery in this case.

## II.   FACTUAL BACKGROUND

This case involves claims by multiple plaintiff trust funds against Quality Services, Inc. d/b/a Quality Carpets and individual defendants regarding alleged delinquencies in contributions and other obligations. The original Defendants filed their Answer to the Complaint on October 14, 2024. The Court entered a Scheduling Order on December 1, 2025 (ECF No. 44), establishing a discovery cutoff date of May 13, 2026, with corresponding deadlines for expert disclosures, dispositive motions, and pretrial filings. The original Scheduling Order recognized extraordinary circumstances affecting the litigation, including defendant Quality Services, Inc.'s Chapter 11 bankruptcy filing (subsequently converted to

-3-

4897-8611-8827.1

Chapter 7) [1], settlement and dismissal of multiple surety company defendants (*See* ECF Nos. 20, 21, and 39) and the death of defendant Kathryn Louise Grider. *See* Suggestion of Death of Defendant Kathryn Louise Grider [ECF No. 40].

The Court approved the original Scheduling Order for good cause shown and cautioned remaining Defendants regarding their obligations to participate in discovery in good faith. Plaintiffs filed a Motion for Leave to File Second Amended Complaint (ECF No. 41). The Second Amended Complaint was filed on March 2, 2026, adding new defendants (i.e., Lepori and Gold Dust). These newly-added defendants began filing their Answers on April 24, 2026. The addition of these new Defendants mid-discovery creates significant disparity in available discovery time.

Under the original Scheduling Order, Lepori and Gold Dust would have less than twenty (20) days until the original May 13, 2026 discovery cutoff to conduct discovery, which is a substantial and inequitable disparity compared to the time granted and available to the original Defendants. The original Scheduling Order anticipated that amendments might be necessary upon addition of new defendants, stating that Plaintiffs anticipated newly-added defendants would require additional time to conduct discovery. This language demonstrates the Court recognized the likelihood that scheduling modifications would be necessary to accommodate newly-added parties. Counsel for Plaintiffs has conferred with Lepori and Gold Dust regarding the proposed amendments.

Certain defendants (Barry Allen Grider and Patrick W. Grider) were defaulted by this Court on April 24, 2026 (ECF No. 65). The addition of new parties and the resulting need for extended discovery deadlines constitutes good cause for modification under FRCP 16(b)(4), and the Court's approval is not conditioned upon consent of all Defendants, including those

---

[1] *See* Notice of Filing of Voluntary Petition for Bankruptcy and Application of Automatic Stay of Proceedings [ECF No. 19]. The Plaintiffs will send a copy of this Stipulation to Quality Carpets, but they are not requesting that Quality Carpets enter into the same to avoid any appearance that by doing so the Plaintiffs are violating the Automatic Stay.

4897-8611-8827.1

who are in bankruptcy or are defaulted. At present, Lepori and Gold Dust are the only Defendants to the action.

The parties have reached agreement that the deadlines must be extended but have not agreed on the revised deadlines.

## III.    LEGAL STANDARD FOR MODIFICATION OF SCHEDULING ORDERS

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent. Once a scheduling order has been entered, it controls the subsequent course of the action unless modified for good cause. *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632 (2021).  The good cause standard primarily considers the diligence of the party seeking the amendment. *Id*.  Courts may modify the pretrial schedule if the deadlines cannot reasonably be met despite the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-08 (9th Cir. 1992). A stipulation between parties, without court approval, is not effective to modify a scheduling order. Accordingly, even where parties agree that modification is necessary, the court must approve the modification and the parties must demonstrate good cause for the requested change.

## IV.    <u>GOOD CAUSE EXISTS FOR THE REQUESTED MODIFICATION</u>

### A. The Parties Have Demonstrated Diligence

The parties have demonstrated diligence in seeking this modification. Lepori and Gold Dust did not file their Answers until April 24, 2026, April 30, 2026 and May 8, 2026.  These dates are beyond the parties' control resulting from Plaintiffs' filing of the Second Amended Complaint on March 2, 2026. Upon the filing of their Answers, Lepori and Gold Dust and the Plaintiffs promptly recognized that the compressed timeline created by the May 13, 2026

discovery cutoff would be impracticable to meet. The parties have not delayed in seeking relief. Rather, they have jointly stipulated to this amendment, demonstrating cooperation and shared recognition that the current schedule cannot reasonably be met. This cooperative approach reflects diligence and commitment to orderly case management.

**B.  The Current Schedule Cannot Reasonably Be Met**

Under the current scheduling order, Lepori and Gold Dust have less than twenty (20) days to complete discovery before the May 13, 2026 cutoff. This compressed timeline makes it practically impossible for these Defendants to conduct initial disclosures under FRCP 26(a)(1), propound and respond to discovery requests, obtain responses from other parties, conduct depositions or other discovery and retain and consult with experts for expert disclosures.

The initial expert disclosure deadline of March 16, 2026 has already passed. The rebuttal expert disclosure deadline of April 15, 2026 occurred before Lepori and Gold Dust had filed Answers. The dispositive motions deadline of June 12, 2026 follows closely after the discovery cutoff. These deadlines were established when the case involved a different set of parties and cannot be met by these Defendants without extension as there is insufficient time to conduct meaningful discovery, identify dispositive issues, and prepare motions.

**C.  The Original Scheduling Order Anticipated This Amendment**

The original Scheduling Order anticipated that amendments might be necessary upon addition of new defendants. The order recognized that Plaintiffs anticipated newly-added defendants would require additional time to conduct discovery. This acknowledgment supports the conclusion that modification is appropriate and anticipated, not an unexpected burden on the Court's docket.

-6-

4897-8611-8827.1

**D. Extension Promotes Judicial Efficiency**

Extending the scheduling order deadlines will promote judicial efficiency and avoid inefficiencies of piecemeal litigation. Without extension, the parties will face rushed discovery with incomplete information, motions to compel and disputes over discovery compliance, requests for continuances of expert disclosure deadlines, serial continuances of dispositive motions deadlines, and incomplete factual records at the time of dispositive motions practice. A comprehensive extension of all deadlines will allow Lepori and Gold Dust adequate time to conduct discovery, prepare expert reports, and participate fully in dispositive motions practice. This approach serves the interests of justice and judicial economy by preventing disruption and delay that would result from piecemeal modifications.

**V.    DIFFERENCE BETWEEN PARTIES ON DISCOVERY PERIOD**

On May 7, 2026, the parties participated in the mandatory initial scheduling conference required by Federal Rule of Civil Procedure 26(f), during which they discussed the proposed discovery plan, anticipated scope of discovery, and proposed scheduling deadlines. Following the conference, the parties were unable to reach agreement on the length of the discovery period and as whether a phased discovery plan would be more conducive to this matter. As such, the parties are submitting competing proposals to this Court as part of this Stipulation to Extend Discovery.

Federal Rule of Civil Procedure 16(b)(1) requires that the district judge issue a scheduling order after receiving the parties' report under Rule 26(f) or after consulting with the parties at a scheduling conference. The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. This requirement reflects the Federal Rules' foundational purpose of establishing early and continuing control so that the case will not be protracted because of lack of management.

The Federal Rules do not prescribe a fixed discovery period applicable to all cases.

-7-

4897-8611-8827.1

Rather, Rule 16(b) vests district courts with broad discretion to manage discovery and control the course of litigation.  The pretrial schedule may be modified only upon a showing of good cause. FRCP 16. This discretionary framework recognizes that discovery needs vary significantly depending on case complexity, the number of parties, the amount in controversy, and the parties' relative access to relevant information. The Court's role is to tailor the discovery period to the specific circumstances presented, ensuring that the schedule is neither unnecessarily restrictive nor unduly permissive.

Plaintiffs are proposing a 210-day discovery period while Defendants are proposing a phased approach to discovery with a limited, narrow scope of discovery lasting three (3) months related to Plaintiffs' entitlement pending the Court's ruling on Defendants' forthcoming dispositive motions, at which time the parties and Court can set a second phase of discovery related to the amount of Plaintiffs' damages, if necessary. Alternatively, if discovery is not phased, Defendants propose a ten month discovery period. FRCP 16 requires the Court to issue a scheduling order that limits the time to complete discovery. The Court possesses broad discretion to establish a discovery period tailored to the needs of this case, but that discretion must be exercised consistent with the purposes of Rule 16 and the proportionality requirements of Rule 26(b)(1). The parties request that the Court resolve this dispute and establish an appropriate discovery cutoff date in the scheduling order.

## VI.    PLAINTIFFS' PROPOSED AMENDED SCHEDULE

Upon application of the applicable legal standards, Plaintiffs respectfully submit that a discovery period of 210 days best serves the interests of justice, efficiency, and proportionality. The Defendants' proposal for a full-year discovery period lacks evidentiary support and is inconsistent with active case management principles.  Rule 16 requires the Court to establish early and continuing control to prevent protracted litigation, expedite disposition, and discourage wasteful pretrial activities.

4897-8611-8827.1

The proportionality standard requires consideration of the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, and whether the burden or expense of discovery outweighs its likely benefit. In fact, the audits that were conducted by Plaintiffs related to Lepori and Gold Dust were mainly based on documents already provided by Lepori and Gold Dust pursuant to Subpoenas that were issued in July of 2025.

Neither a 210-day period nor a 365-day period is mandated by the Federal Rules. The Defendants' proposal for a full calendar year of discovery is inconsistent with active case management principles and presumes maximum complexity without evidentiary support. A moderate discovery period of 210 day, better serves the purposes of Rule 16 while preserving the parties' ability to seek good-cause extensions if unforeseen circumstances warrant additional time.

Plaintiffs maintain that phased discovery plan and/or a 10 month discovery period carries significant risks. For instance, extended discovery increases litigation costs for both parties and delays resolution. Without active judicial management, parties may engage in cumulative or duplicative discovery that Rule 26(b)(2)(C) is designed to prevent. A phased discovery plan and/or a 10 month discovery period may reduce parties' incentive to conduct discovery efficiently, prioritize key issues, or pursue settlement, encouraging wasteful pretrial activities that Rule 16(a) seeks to discourage.

The Plaintiffs will be providing the Defendants with its initial disclosures on May 13th, many of which the Defendants already possess. The volume of electronically stored information, the number of experts, or other factors do not justify extended discovery. If the parties later demonstrate that specific discovery tasks cannot reasonably be completed within

4897-8611-8827.1

the initial period despite diligent efforts, the Court can extend the deadline for good cause. FRCP 16. This framework ensures that parties with genuine needs receive relief while discouraging strategic delay.

The following amended scheduling order deadlines are appropriate to provide the parties with an adequate discovery period, as follows:

1. **Rule 26(a)(1) Initial Disclosures for Newly-Added Defendants:** Within fourteen (14) days after the parties' Rule 26(f) conference, or by May 13, 2026, whichever is later.

2. **Discovery Cutoff:** November 20, 2026 (extending the discovery period to provide newly-added defendants with adequate time to conduct discovery).

3. **Motions to Amend**: Pursuant to LR 26-1(b)(2), the Parties will file any and all motions to amend the pleadings, or to add parties, by August 22, 2026 (ninety (90) days before the Discovery Cut-Off Date).

4. **Initial Expert Disclosures:** September 21, 2026 (sixty (60) days before the new discovery cutoff).

5. **Rebuttal Expert Disclosures:** October 21, 2026 (thirty (30) days after initial expert disclosures).

6. **Dispositive Motions Deadline:** December 20, 2026 (thirty (30) days after the discovery cutoff).

7. **Joint Pretrial Order:** January 19, 2027 (thirty (30) days after the dispositive motions deadline, subject to suspension if dispositive motions are filed, in which case the deadline shall be thirty (30) days after decision on the dispositive motions or further court order).

4897-8611-8827.1

8. **Rule 26(a)(3) Pretrial Disclosures:** At least thirty (30) days before trial, with objections to be filed within fourteen (14) days thereafter.

Plaintiffs allege that these proposed dates are internally consistent, with expert disclosure deadlines keyed to the discovery cutoff and dispositive motions and pretrial order deadlines keyed to the discovery cutoff and motions deadline, respectively.

## VI.   DEFENDANTS' PROPOSED AMENDED SCHEDULE

Defendants propose a phased discovery schedule with an initial, narrow scope of discovery of approximately three (3) months related to Plaintiffs' entitlement. If Defendants' forthcoming dispositive motions are not granted, or are granted in part and denied in part, the parties will then engage in a second phase of discovery related to the amount of Plaintiffs' alleged damages that is appropriately tailored to the issues remaining in this case.

As Plaintiffs are fully aware, Defendants intend to file dispositive motions on Plaintiffs' entitlement. In the interests of efficiency and proportionality, discovery should initially be limited to entitlement until the Court rules on Defendants' dispositive motions. If Defendants are unsuccessful on their motions, then the parties will conduct discovery on the amount of Plaintiffs' alleged damages as appropriately tailored for the issues remaining in dispute at that time. Most of the discovery in this case relates to Plaintiffs' alleged damages and, thus, phasing discovery and staying discovery related to the amount of Plaintiffs' alleged damages until the threshold entitlement issues are decided will avoid unnecessarily burdening the parties' and judicial resources with the full scope of discovery until after the dispositive motions are decided. Structuring discovery in this manner is in all parties' best interests and proportional to the needs of this case. If discovery is not phased, and Defendants prevail on their forthcoming dispositive motions, all parties will have unnecessarily incurred substantial additional attorney's fees, expert fees, and costs on discovery that will be rendered moot.

-11-

4897-8611-8827.1

It is Defendants' position that Plaintiffs' claims under NRS 608.150 against these Defendants are barred and/or preempted by federal law, including the Employee Retirement Income Security Act of 1974 (ERISA) and Labor Management Relations Act (LMRA). It is also Defendants' position that, even if Plaintiffs' claims under NRS 608.150 are not preempted, such claims are barred in whole or in part by the statute of repose in NRS 11.209, which required Plaintiffs to bring an action under NRS 608.150 within two years of the date the indebtedness for labor should have been made or paid by the subcontractor (Quality Carpets). *See* NRS 11.209(1) ("No action against an original contractor… may be commenced more than 2 years after the date the indebtedness for labor should have been made or paid by the subcontractor."). Even if the Court determines that Plaintiffs' claims under NRS 608.150 are not preempted, but that the two-year statute period applies as written, then the scope of discovery will be substantially narrowed to the alleged contributions that were owed by the subcontractor (Quality Carpets) to Plaintiffs for a period of two years prior to the filing of the Second Amended Complaint.

It will be an extensive, and expensive, endeavor to conduct discovery on the amount allegedly owed by Quality Carpets to Plaintiffs. That discovery will include obtaining, reviewing, and analyzing all contribution reports and payments by Quality Carpets to Plaintiffs from at least January 1, 2018 (as Plaintiffs are seeking approximately seven (7) years of contributions); obtaining, reviewing, and analyzing all of the audits and related documentation prepared and relied upon by Plaintiffs' experts; and obtaining, reviewing, and analyzing all available timecards, invoices, and other payroll records of Quality Carpets. Discovery into the amounts allegedly owed likely will also require serving a subpoena on the bankruptcy estate of Quality Carpets and its Chapter 7 Trustee as the estate and/or trustee are believed to be in possession of highly relevant information relating to the hours work by the various employees of Quality Carpets, which may eliminate or reduce the alleged contributions owed by Quality Carpets to the Plaintiffs for those employees. Although Defendants understand that one of the principals for Quality Carpets is deceased, it may be necessary to depose one or more

-12-
4897-8611-8827.1

representatives and current or former employees of Quality Carpets relating to their payroll records, reporting to the Plaintiffs, payment to the Plaintiffs, and other related topics. That information will be relevant to Defendants' own experts' analysis of the alleged damages at issue and to refute the alleged damages claimed by Plaintiffs. Such actions may also include the requirement to file and seek leave from the Bankruptcy Court to obtain such discovery.

The above-referenced extensive discovery may be rendered moot and, thus, the associated expenses deemed otherwise unnecessary, if Defendants prevail on their forthcoming dispositive motions. Therefore, if discovery is not phased, then the parties will be required to engage in the full scope of discovery prior to the threshold entitlement issues being decided, which will likely lead to cumulative, duplicative, and entirely unnecessary discovery. However, if discovery is phased, the initial discovery on entitlement will be narrow and tailored to the issues of preemption and the statute of repose under NRS 11.209.

Accordingly, Defendants submit that there is good cause to phase discovery and to stay the full scope of discovery pending resolution of the forthcoming dispositive motions. *See* First Amended Standing Order & Chambers Practices, Section II.A. ("Judge Couvillier follows the pragmatic approach and all briefs regarding staying discovery pending ruling on a motion to dismiss must address the factors articulated in *Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *see also Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, 2024 WL 2302151, at *3 (D. Nev. May 21, 2024)). In *Schrader*, the Court articulated that the standard for staying discovery under Rule 26(c) is good cause. 2021 WL 4810324, at *4 (citing Fed. R. Civ. P. 26(c) (1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur")); *see also id.* (citing *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion.")). In deviating from the Ninth Circuit's "preliminary peek" test,

-13-

4897-8611-8827.1

the Court noted that test is problematic, in part, "because complex cases, in which discovery will be extremely costly, are the types of cases where discovery stays may be particularly appropriate while a dispositive motion is pending (to accomplish the goals of Rule 1)." *Id.* at *3. Here, as set forth above, the full scope of discovery will be extremely costs and phasing discovery as proposed by Defendants is appropriate pending the Court's ruling on Defendants' forthcoming dispositive motions.

Under this Court's framework, the Court may stay discovery "when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery." *Id.* at *4 (citations omitted). Here, Defendants propose a phased discovery approach — not a complete stay on discovery — such that the parties may conduct limited, narrow discovery on the issues related to Plaintiffs' entitlement and the forthcoming dispositive motions. This approach is consistent with the framework established by this Court and the Ninth Circuit as Defendants are not seeking a stay when discovery is needed to litigate a dispositive motion. *Id.* at *2 (citing *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993)). As set forth above, Defendants — and Plaintiffs — will incur substantial additional expense and burden if the discovery is not phased and the parties are required to proceed with the full scope of discovery at this time, as the substantial majority of the necessary discovery in this case relates to the amount of Plaintiffs' alleged damages and such discovery may become entirely moot or substantially narrowed based on the outcome of Defendants' dispositive motions. *See Schrader*, 2021 WL 4810324 at *4 (holding that good cause may exist when seeking to prevent undue burden or expense).

In sum, it would be prejudicial to Defendants (and more costly and burdensome for all parties) to proceed with the full scope of discovery now and, thus, good cause exists to phase discovery and stay the full scope of discovery related to the amount of Plaintiffs' alleged damages pending the determination of the forthcoming dispositive motions. *Id.* at 5; *see also id.* at *4 ("Ultimately, guided by Rule 1 of the Federal Rules of Civil Procedure, the Court is trying to determine 'whether it is more just to speed the parties along in discovery and other

-14-

4897-8611-8827.1

proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.'") (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011)). Defendants submit that they have proposed a pragmatic approach to discovery that addresses the specifics and realities of this case in an effort to achieve and secure the just, speedy, and inexpensive resolution of this case.

### Phased Discovery Plan; Phase 1.

1. **Rule 26(a)(1) Initial Disclosures for Newly-Added Defendants:** Within fourteen (14) days after the parties' Rule 26(f) conference, or by May 13, 2026, whichever is later.

2. **Discovery Cutoff (Phase 1: Entitlement):** August 21, 2026 (limited to the threshold issues of preemption and timeliness under the statute of repose in NRS 11.209). Phase 2 discovery on the amount of Plaintiffs' alleged damages to be set, if necessary, promptly following the Court's ruling on Defendants' dispositive motions.

3. **Motions to Amend**: The Parties will file any and all motions to amend the pleadings, or to add parties, by June 21, 2026 (sixty (60) days before the Phase 1 Discovery Cut-Off Date).

4. **Initial Expert Disclosures:** Stayed pending resolution of dispositive motions on entitlement, including preemption and statute of repose under NRS 11.209. To be set, if necessary, following the Court's ruling on Defendants' dispositive motions.

5. **Rebuttal Expert Disclosures:** Stayed pending resolution of dispositive motions on entitlement, including preemption and statute of repose under NRS 11.209. To be set, if necessary, following the Court's ruling on Defendants' dispositive motions.

-15-

4897-8611-8827.1

6. **Dispositive Motions Deadline (Phase 1: Entitlement):** September 21, 2026 (thirty (30) days after the Phase 1 discovery cutoff).

7. **Joint Pretrial Order:** Stayed pending resolution of dispositive motions on entitlement, including preemption and statute of repose under NRS 11.209. To be set, if necessary, following the Court's ruling on Defendants' dispositive motions.

8. **Rule 26(a)(3) Pretrial Disclosures:** At least thirty (30) days before trial, with objections to be filed within fourteen (14) days thereafter.

In the alternative, if discovery is not phased, the initial discovery period should be extended beyond those dates as proposed by Plaintiffs. Plaintiffs admit that they have had the payroll records and information necessary for them to conduct an audit of Quality Carpets since at least August 2023 [ECF No. 51, Second Amended Complaint ¶ 47]. Defendants do not yet have this information. Plaintiffs argue that audits related to these Defendants (Lepori and Gold Dust) were mainly based on documents already provided by Lepori and Gold Dust. Of course, Defendants have their own records in the form of invoices from Quality Carpets. However, Defendants do yet have the other information that has been in possession of Plaintiffs and their experts since August 2023 (in Plaintiffs possession for nearly 3 years), which is also relevant to Defendants' defenses on the amount of the alleged damages claimed by Plaintiffs. Defendants should be afforded sufficient time to obtain, process, review, and analyze all of this information. In addition to obtaining the information from Plaintiffs themselves, it is likely that Defendants will have to seek to obtain information from the bankruptcy estate and Chapter 7 Trustee for Quality Carpets, which Defendants expect will present complexities and may take significant time.

4897-8611-8827.1

## VII.   CONCLUSION

Although the parties do not agree on the discovery period, the parties have demonstrated good cause for modification of the scheduling order under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-3. The addition of new defendants through the Second Amended Complaint, combined with their answers not being filed until April 24, April 30 and May 8, 2026, creates a compressed timeline that makes the current May 13, 2026 discovery cutoff and related deadlines impracticable to meet. The parties have acted diligently in recognizing this problem and jointly seeking relief. Extending the deadlines uniformly for all parties will promote judicial efficiency, prevent piecemeal litigation, and ensure all parties can meaningfully participate in discovery and dispositive motions practice.

**WHEREFORE**, the parties respectfully request that this Court:

1. **SET** a Special Scheduling Review and thereafter **APPROVE** an Amend Scheduling Order;

2. **ENTER** an Order amending the Scheduling Order entered on December 1, 2025 (ECF No. 44), and adopt revised deadlines pursuant to this Court's discretion under FRCP 16(b);

3. **RETAIN** all other terms and conditions of the Scheduling Order entered on December 1, 2025 (ECF No. 44), except as modified herein; and

4. **GRANT** such other and further relief as the Court deems just and proper.

-17-

4897-8611-8827.1

APPROVED AS TO FORM AND CONTENT.

I certify that Artificial Intelligence was used to prepare the foregoing document.

**CHRISTENSEN JAMES & MARTIN, CHTD.**

By:___*/s/ Laura J. Wolff*___
Laura J. Wolff, Esq.
NV Bar No. 6869
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 255-1718
Email: ljw@cjmlv.com
*Counsel for Plaintiffs*

DATED this 13th day of May, 2026.

I certify that Artificial Intelligence was not used to prepare the foregoing document.

**WOMBLE BOND DICKINSON (US) LLP**

By:___*/s/ Paul A. Matteoni*___
Paul A. Matteoni, Esq.
NV Bar No. 3486
One East Liberty Street, Suite 300
Reno, NV 89501-212
Tel: (775) 321-3425
Email: Paul.Matteoni@wbd-us.com
Counsel for Gold Dust West and Jacobs Pinion Plaza

DATED this 13th day of May, 2026.

I certified that Artificial Intelligence was not used to prepare the foregoing document.

**MCDONALD CARANO LLP**

By: ___*/s/ Philip Mannelly*___
Philip Mannelly
NV Bar No. 14236
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
Tel: (775) 788-2000
Email: pmannelly@mcdonaldcarano.com
Counsel for Lepori Construction, Frank and Frances Lepori

DATED this 13th day of May, 2026.

**ORDER**

**IT IS SO ORDERED:**

Having considered the parties' competing proposals, the Court adopts defendants' phased-discovery proposal. Thus, **IT IS SO ORDERED** that defendants' Phased Discovery Plan: Phase 1 is **GRANTED** and the other proposals are **DENIED**. **IT IS FURTHER ORDERED** that the parties shall file Stipulated Discovery Plan and Scheduling Order for Phase 2 within 21 days of dispositive motion order which does not resolve the action. **IT IS FURTHER ORDERED** that future stipulations shall include a judicial signature block that complies with LR IA 6-2 and appears on the same page as the last substantive matter of the stipulation. Failure to comply may result in stipulation being summarily denied.

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: May 14, 2026

-18-

4897-8611-8827.1